Marshall, C. J.,
 

 concurring. I concur in the syllabus in this case and the reasoning’ of the majority opinion. I desire to briefly address myself to the dissenting opinion. The dissenting opinion is based entirely upon an interpretation of Section 11273, without regard to any other existing sections of the General Code. If that section stood alone, and did not interfere with the administration of any other section of the General 'Code, the dissenting opinion would undoubtedly be correct. When the recent amendment of that section was enacted in 109 Ohio Laws, at page 81, no amendment or modification was made of Section 11255, General Code, providing- for actions against joint defendants. If it should be found that there is such inconsistency between Section 11273, as amended, and Section 11255, that both could not stand and be administered at the same time, the
 
 *575
 
 court might well declare an implication of repeal of Section 11255. It is admitted in the dissenting opinion that there can be no just claim of either express or implied repeal of Section 11255. It is admitted that that section still has an important function. This being true, rights under that section are just as important to litigants within the sphere of that section as are rights to litigants under Section 11273 within its sphere. In the case of
 
 Loftus
 
 v.
 
 Pennsylvania Rd. Co.,
 
 107 Ohio St., 352, 140 N. E., 94, this court dealt solely with an interpretation of Section 11273, unaffected by the provisions of Section 11255. The principles therein declared must be accepted with reference to the facts of the case then decided. We are now confronted with the rights of an injured party who pleads a joint liability against a manufacturing corporation and a transportation company, a situation not presented in the
 
 Loftus case.
 
 A careful analysis of the dissenting opinion discloses that the fears therein expressed can never be realized. The discussion of the ease of
 
 French, Adm’r.,
 
 v.
 
 Central Construction \Co.
 
 shows that that case is a cogent authority for preventing any claimant from bringing a transportation company into the courts of Ohio by the mere expedient of joining as a co-defendant an alleged joint wrongdoer where no joint liability in fact exists. If a joint liability is not only alleged, but also proven, Section 1125'5 •should apply, and a failure to apply it would be a denial of a substantial right clearly granted by statute to an injured party. The right to sue joint tortfeasors in a single action is a substantial right granted by statute, which should not be destroyed
 
 *576
 
 by implication or mere interpretation. The statute is based upon substantial considerations which must be apparent to the most superficial student of the subject. An injured party should not be put to the trouble and expense of two actions where a joint wrong has been committed. If one of the joint wrongdoers could not be joined, the injured party would lose the right to cross-examine the party who was not joined in each separate trial. Other reasons might easily be suggested. If any party plaintiff should bring an- action against one alleged wrongdoer, and join a transportation company as codefendant, and it should appear by the evidence introduced that the negligence was concurrent and related, but not joint, it would be the duty of the court, under the authority of
 
 French
 
 v.
 
 Central Construction Co.,
 
 to dismiss the transportation company upon motion, when that fact is made clearly to appear. That portion of the opinion in the
 
 Frercch case
 
 quoted in the dissenting opinion clearly states this principle. Strange to say, all members of this court are in full accord upon the proposition that Section 11255 is in full force and effect, also that the case of
 
 French, Adm’r.,
 
 v.
 
 Central Construction Co.,
 
 76 Ohio St., 509, 81 N. E., 751, 12 L. R. A., (N. S.), 669, is sound from every standpoint, and all members of the court agree that the
 
 Loftus case
 
 is sound. It being admitted that Section 11255 has not been either expressly or impliedly repealed, and that the case of
 
 French
 
 v.
 
 Construction Co.
 
 is sound, it is difficult to see how this court could have reached any conclusion except that of unanimous concurrence in the syllabus and unanimous approval of the majority opinion.